IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAILLARD L. KING,

    Plaintiff,                    No. CIV S-04-2618 LKK KJM P

    vs.

ARNOLD SCHWARZENEGGER[1],      ORDER AND

    Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Given the filing date of his action, plaintiff is required to pay the statutory filing fee of $150.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an

---

[1] In his pleadings, plaintiff spelled the governor's name "Shwarzenegger." The court will use the correct spelling through these proceedings.

initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff is a "third strike" prisoner, serving a term of twenty-five years to life following a conviction for possession of a controlled substance in violation of California Health and Safety Code section 11350(a). He claims that the governor's ad campaign against Proposition 66 suggested that all third strikers were murderers, rapists and child molesters, which misled the public into defeating the initiative. He also claims that "the governor's statement is a direct assassination of character on anyone sentenced under the three strikes law" and put him at jeopardy from other inmates, who often attack child molesters and rapists and who might believe that plaintiff's third strike sentence was for one of these offenses.

A plaintiff has standing to sue under Article III of the Constitution only when he can allege (1) an "actual or imminent," "concrete and particularized" "injury in fact," (2) causally connected to the defendants' conduct, that (3) will "likely" (and not "merely speculative[ly]") be redressed by a favorable judgment. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Plaintiff's claims of potential danger from the governor's advertising campaign do not present an actual or imminent injury in fact that could be redressed by a judgment in plaintiff's favor.

To the extent plaintiff is seeking to base his action on "character assassination," his claim fares no better. In Paul v. Davis, 424 U.S. 693, 702, 711 (1976), the Supreme Court held that a defamation by a public official does not give rise to a civil rights action unless the defamation also impacts a protected status. The court thus rejected the plaintiff's civil rights action based on his inclusion on a list of "Active Shoplifters."

The Ninth Circuit has described the Paul requirement as the "stigma-plus" test and explained that a civil rights action is available for defamation only when the stigma was accompanied by "a deprivation of liberty and property by the state that directly affects the plaintiff's rights." Miller v. California, 355 F.3d 1172, 1178 (9th Cir. 2004) (no civil rights action even though plaintiff improperly placed on list of child abusers). Plaintiff has not shown any such "plus" to the alleged stigma.

3

1       Finally, plaintiff cannot base his claim on the fact that the members of the
2 electorate allegedly were misled by the governor's statements; plaintiff "cannot rest his claim to
3 relief on the legal rights or interests of third parties."  Warth v. Seldin, 422 U.S. 490, 499 (1975).
4       Because plaintiff's claims are based on "meritless legal theories," he will not be
5 given leave to amend his complaint.
6       In accordance with the above, IT IS HEREBY ORDERED that:
7       1. Plaintiff's request for leave to proceed in forma pauperis is granted.
8       2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.
9 All fees shall be collected and paid in accordance with this court's order to the Director of the
10 California Department of Corrections filed concurrently herewith.
11       IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed.
12       These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
14 days after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties.  Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
17 shall be served and filed within ten days after service of the objections.  The parties are advised
18 that failure to file objections within the specified time may waive the right to appeal the District
19 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20 DATE:  May 4, 2005.

                                     UNITED STATES MAGISTRATE JUDGE

2
king2618.14a